```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

JOSEPH D. REPPERT,

                Plaintiff,

vs.                        Case No. 2:08-cv-230-FtM-29DNF

INTERNAL REVENUE SERVICE,

                Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Dispositive Motion for Summary Judgment (Doc. #59) filed on June 30, 2009. Plaintiff filed a Response in Opposition (Doc. #63) on July 22, 2009. The matter is now ripe for review.

Defendant Internal Revenue Service (defendant or IRS) assessed civil tax penalties against plaintiff Joseph D. Reppert (plaintiff or Reppert) for federal payroll taxes that were withheld from the paychecks of employees of Fort Myers Beach Marina, Inc. but not paid over to the United States as required by law. The IRS asserted that Reppert was a "responsible person," within the meaning of 26 U.S.C. § 6672, who wilfully failed to comply with statutory duties regarding employment taxes. Plaintiff was assessed penalties for the quarters ending December 31, 2002, March 31, 2003, and June 30, 2003. Plaintiff paid the penalties, then filed a claim for refund with the IRS, arguing that he had no authority to decide whether to pay taxes under 26 U.S.C. § 6672,

the failure to pay was not willful, that others with company authority had instructed plaintiff not to pay the taxes without prior approval, and that these others had promised that plaintiff would not be held personally liable for the withholding of taxes. The claim for refund was denied by the IRS.

Plaintiff then filed an Original Complaint (Doc. #1) against the Internal Revenue Service[1] seeking a refund for the $2,653.83, $2,743.30, and $2,743.30 in penalties, an injunction, attorney's fees, and costs.  The IRS filed an Answer and Counterclaim (Doc. #25), asserting that Reppert was a person required to collect, truthfully account for and/or pay trust fund employment taxes, but who willfully failed to collect, truthfully account for and/or pay for the tax periods ending December 31, 2002, March 31, 2003, and June 30, 2003.  (Doc. #59-2, Exh. 1, ¶ 2.)  The outstanding balance of the trust fund portion of the unpaid federal employment taxes is $24,196.19, plus interest and statutory additions, as permitted by law and after application of credits.  (Id. at ¶¶ 8, 10.)  The IRS now seeks summary judgment on both plaintiff's Complaint and its Counterclaim.  Plaintiff asserts that he is not a responsible person as it relates to the taxes and that he did not act willfully in failing to pay the taxes due.

---

[1]On December 17, 2008, the Court granted the United States of America's Unopposed Motion to Sever (Doc. #51), and dismissed Count II against the individual defendants without prejudice to proceeding in a separate case. See Doc. #53. Therefore only Count I against the IRS remains.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. Northern Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be

drawn in favor of the non-moving party. <u>Shotz v. City of Plantation, Fl.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

When taxes are due, the amount collected or withheld for payment is to be held in trust for the United States. 26 U.S.C. § 7501(a). Under Title 26, United States Code, Section 6672(a),

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. . . .

Liability is imposed only on a (1) "responsible person" who (2) willfully fails to perform a duty to collect, account, or[2] pay over taxes. <u>Thosteson v. United States</u>, 331 F.3d 1294, 1298-99 (11th Cir. 2003), <u>cert. denied</u>, 540 U.S. 1105 (2004); <u>Thibodeau v. United States</u>, 828 F.2d 1499, 1503 (11th Cir. 1987); <u>Mazo v. United States</u>, 591 F.2d 1151, 1153 (5th Cir. 1979).[3] Plaintiff argues that he meets neither requirement, while the IRS argues that he satisfies both.

---

[2] While the statute is in the conjunctive, the Supreme Court has interpreted the three obligations in the disjunctive. <u>Slodov v. United States</u>, 436 U.S. 238, 250 (1978)(defining responsible person as one who performs any one of the three functions). <u>See</u> <u>George v. United States</u>, 819 F.2d 1008, 1011 n.3 (11th Cir. 1987).

[3] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

A "person" within the meaning of the statute "includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b). "Responsibility is a matter of status, duty, and authority, not knowledge." Thibodeau, 828 F.2d at 1503 (quoting Mazo, 591 F.2d at 1156). "Indicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. It is undisputed that more than one person may be a responsible officer of the corporation under § 6672." Thibodeau, 828 F.2d at 1503 (citing Roth v. United States, 779 F.2d 1567, 1571 (11th Cir. 1986)). Because the funds are trust funds of the United States, a "responsible person" can be found liable for failure to pay withheld funds despite receiving instruction not to pay by a CEO or owner. Roth, 779 F.2d at 1571-72 (citing Howard v. United States, 711 F.2d 729, 734-35 (5th Cir. 1983); Thibodeau, 828 F.2d at 1504.

If it is established that Reppert is a responsible person, the burden shifts to plaintiff to prove lack of willfulness. George, 819 F.2d at 1011. Willful is "a voluntary, conscious, and intentional act." Mazo, 591 F.2d at 1154 (citations omitted). Willfulness is shown if a responsible person prefers other creditors to the government, or shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the

government such as by failing to investigate or to correct mismanagement after being notified that withholding taxes have not been duly remitted." George, 819 F.2d at 1011-12 (citation omitted).

The Court rejects the government's argument that whether one is required to collect, truthfully account for, or pay payroll taxes within the meaning of § 6672(a) is a question of state law. (Doc. #63, p. 3.) Federal law controls this area. The Court agrees with plaintiff that there are disputed issues of material facts as to plaintiff's actual authority over financial matters, despite his title, which renders summary judgment inappropriate. Plaintiff testified that he had no authority to pay the tax bills, or most other bills, and there is evidence supporting this position. While there is also much evidence to the contrary, at this stage of the proceedings the Court must view the evidence in the light most favorable to plaintiff.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Dispositive Motion for Summary Judgment (Doc. #59) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___11th___ day of August, 2009.

_John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record